UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Marcela Carlson, individually, as mother and
next friend of A.G., and as administrator of
the estate of Richard Gonzalez,

                  Plaintiff,

            -against-

The City of New York, Corizon Health Inc.,
Corizon Health Clinical Solutions, LLC, Corizon
Inc., Correctional Medical Associates of New
York, P.C., New York City Department of
Correction Officers ("C.O.") John and Jane
Does, and Medical John and Jane Roes,

                  Defendants.
----------------------------------------------------------X

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Index No. 17- CV- 172

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the

United States Constitution, including its Fourth and Fourteenth Amendments; and by the laws

and Constitution of the State of New York.

2.     Richard Gonzalez died needlessly from an untreated serious medical condition

while in custody at the Anna M. Kross Center ("AMKC") on Rikers Island.

3.     The plaintiff seeks damages, both compensatory and punitive, an award of costs

and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION AND VENUE

4.     This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is

conferred upon this Court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

1

this being an action seeking redress for the violation of the plaintiff's and decedent's constitutional and civil rights.

5.    The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMANDED

7.    Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## NOTICE OF CLAIM

8.    A Notice of Claim was filed with the Comptroller of the City of New York within 90 days of the incident.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

9.    Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of having been appointed the administrator of the estate of Richard Gonzalez.

## PARTIES

10.    Plaintiff Marcela Carlson is a resident of Eden in the State of New York.  She is a party individually, as mother and next friend of A.G., and as administrator of the estate of Richard Gonzalez.

11.    A.G. is the minor child of Marcela Carlson and Richard Gonzalez; he resides with his mother, plaintiff Marcela Carlson.

12.     Richard Gonzalez was, at the time of the incident complained of herein, a resident of the City and State of New York.

13.     Defendant the City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a correction department ("DOC") which acts as its agent in the area of law enforcement and corrections for which it is ultimately responsible.  Defendant the City of New York assumes the risks incidental to the maintenance of a police force and correctional services, and the employment of police and corrections officers, as said risk attaches to the public consumers of the services provided by them.

14.     Defendant Corrections Officers ("C.O.") John and Jane Does are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and the New York City Department of Correction, municipal agencies of defendant the City of New York.  All aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The aforenamed defendants are sued in their individual capacities.

15.     Defendants Corizon Health Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates of New York, P.C., will be collectively known as ("Corizon").

16.     Defendants Corizon are corporations that have contracted with the City of New York to provide health services to pretrial detainees in the custody of the New York City Department of Correction. Corizon engages in business in the State of New York and is subject to personal jurisdiction in this district, and has provided health care services on behalf of the City of New York.

17.     Defendants John and Jane Roes were at all times relevant herein employees or agents of Corizon and were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of Corizon, and otherwise performed and engaged in conduct incidental to their lawful functions in the course of their duties. They were acting for and on behalf of the City of New York and Corizon, at all times relevant herein, with the power and authority vested in them as agents and employees of the City of New York and Corizon, and incidental to their duties as agents and employees of the City of New York and Corizon. They are sued in their individual and agency capacities.

18.     Defendant John and Jane Does, and defendant John and Jane Roes, are collectively referred to as the "individual defendants."

## STATEMENT OF RELEVANT FACTS

19.     Richard Gonzalez ("Mr. Gonzalez") was born on August 31, 1970.

20.     Mr. Gonzalez was arrested on October 13, 2015. He was arraigned in Queens County Criminal Court on October 13, 2015, when bail was set.

21.     Following his arraignment, Mr. Gonzalez was transported to Rikers Island and housed at the Anna M. Kross Center.

22.     On information and belief, defendants knew Mr. Gonzalez required medical attention and did not provide the same.

23.     Mr. Gonzalez died the morning of October 14, 2015.

24.     Mr. Gonzalez died while in a holding cell with other prisoners in the intake area of AMKC before he was treated by any medical personnel.

25.      On information and belief, Mr. Gonzalez's death was preventable, and was caused by an untreated medical condition.

26.     On information and belief, defendants had custody and control over Mr. Gonzalez and were aware of his medical condition and requests for treatment.

27.     On information and belief, defendants did not provide Mr. Gonzalez with treatment or access to treatment, and failed to intercede to prevent the denial of medical treatment.

28.     At the time of Mr. Gonzalez's death, the DOC released a statement that it was their belief Mr. Gonzalez had obtained drugs and died of an overdose.

29.      The Office of Chief Medical Examiner autopsy report, however, shows that Mr. Gonzalez had no traces of alcohol or drugs in his system when he died.

30.      Plaintiff Marcela Carlson and her minor son, A.G., received and would have received in the future, financial support, society, guidance and assistance from Mr. Gonzalez.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

31.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.      By their conduct and actions in failing to provide medical treatment to Richard Gonzalez, who was suffering from a serious medical condition, and by failing to intercede to prevent the complained of conduct, the individual defendants, acting under color of law and

without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's and Mr. Gonzalez's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

33.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

34.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK AND CORIZON
### FOR CONSTITUTIONAL VIOLATIONS

35.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as fully set forth herein.

36.     At all times material to this complaint, defendants the City of New York and Corizon had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37.     At all times material to this complaint, defendants the City of New York and Corizon had a custom and practice of not providing emergency care to AMKC inmates during intake processing, *i.e.*, emergency treatment provided before the time that the inmate would be routinely examined in the order in which that inmate came into Department of Correction custody, which was a direct and proximate cause of the unconstitutional conduct alleged herein.

38.     At all times material to this complaint, defendant the City of New York and Corizon, failed to properly train, screen, supervise, or discipline employees, and failed to inform

the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

39.     At all times material to this complaint, defendants The City of New York and Corizon, failed to put adequate policies in place concerning the treatment of persons while in custody, and failed to properly train officers and employees concerning such assessment and treatment.

40.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's and Richard Gonzalez's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

42.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

## THIRD CLAIM

### WRONGFUL DEATH

43.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as fully set forth herein.

44.     The acts and conduct of defendants caused the death of Richard Gonzalez, and violated plaintiff's and Richard Gonzalez's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

46.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

## FOURTH CLAIM

### MEDICAL MALPRACTICE

47.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as fully set forth herein.

48.     Through the acts or omissions described above, defendants the City of New York, Corizon, and John and Jane Roes deviated from the acceptable standards of medical care during their evaluation and treatment of Richard Gonzalez.

49.     Defendants the City of New York, Corizon, and John and Jane Roes, jointly and severally, caused death, injury, pain and suffering, and damage to Richard Gonzalez.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Richard Gonzalez and plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

51.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

## FIFTH CLAIM

### NEGLIGENCE

52.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53.     Defendants, jointly and severally, negligently caused death, injury, pain and suffering, and damage to plaintiff, their son A.G., and Richard Gonzalez suffered death.  The acts and conduct of defendants were the direct and proximate cause of death, injury and damage to plaintiff, their son A.G., and Richard Gonzalez suffered death and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.     The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff, their son A.G., and Richard Gonzalez suffered death and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

56.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

## SIXTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK, CORIZON FOR STATE LAW VIOLATIONS

57.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as fully set forth herein.

58.     The conduct of defendants, alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as corrections officers, and/or while they were acting as agents and employees of defendants the City of New York and Corizon, and, as a result, defendants the City of New York and Corizon, are liable to the plaintiff, son A.G., and Richard Gonzalez pursuant to the state common law doctrine of respondeat superior.

59.     As a result of the foregoing, Richard Gonzalez suffered death, conscious pain and suffering, injury, and economic loss.

60.     As a result of the foregoing, plaintiff and son A.G. suffered injury, loss of support, society, guidance and assistance, and economic loss.

[This space left intentionally blank]

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening a jury to consider the merits of the claims herein;

      d.  Pre- and post-judgment costs, interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      January 10, 2017
            New York, New York

                               Respectfully submitted,

By:  _____
         DAVID B. RANKIN
         Rankin & Taylor, PLLC
         11 Park Place, Suite 914
         New York, New York 10007
         (212) 226-4507


         _____/s/_____
         MICHAEL L. SPIEGEL
         11 Park Place, Suite 914
         New York, New York 10007
         (212) 587-8558

         *Attorneys for Plaintiff*