17-CV-172 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marcela Carlson, individually, as mother and next friend of A.G., and as administrator of the estate of Richard Gonzalez,

            Plaintiff,

     -against-

The City of New York, Corizon Health Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates Of New York, P.C., New York City Department Of Correction Officers ("C.O.") Javar Chatham, Terry Henry, Antonia Drake, Captain Mohammed Shanu, C.O. John And Jane Does, Dr. Frank Flores, Elmay Allen, LPN, Physician Assistant Bernard, Phillip Germain, RN, and Medical John and Jane Roes

            Defendants.

**CORIZON AND INDIVIDUAL MEDICAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Corizon and
Individual Medical Defendants*

Of Counsel: Agnetha E. Jacob
Tel: (212) 356-0881
Fax: (212) 356-8760

## PRELIMINARY STATEMENT

In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff Marcela Carlson seeks compensatory and punitive damages against the (i) City of New York; (ii) Corizon Health Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates Of New York, P.C. (collectively, "Corizon"); (iii) employees of the New York City Department of Correction ("DOC"); and (iv) employees of New York City Health + Hospitals and Physician Affiliate Group of New York, P.C. (collectively, the "Individual Medical Defendants")[1], for the death of her partner, Richard Gonzalez. Mr. Gonzalez died while in DOC's custody on October 14, 2015, from complications of chronic substance abuse, before any medical personnel could treat him. Defendants Corizon and Individual Medical Defendants hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the federal and state law causes of action against them for failure to state a claim.

## FACTUAL BACKGROUND

Richard Gonzalez was arraigned on October 13, 2015 and transported to Rikers Island on October 14, 2015. *See* Amended Complaint (Docket No. 37) at ¶¶ 19-20, 22. On the morning of October 14, 2015, "while in a holding cell" and "before he was treated by any medical personnel," Mr. Gonzalez died *Id.* at ¶ 23. According to the New York City Office of Chief Medical Examiner's autopsy report, Mr. Gonzalez died in a natural manner from "complications of chronic substance abuse." *See* accompanying Declaration of Agnetha E. Jacob, dated August 25, 2017 ("Jacob Decl."), Exhibit A. Nevertheless, Plaintiff claims that Corizon and Individual Medical Defendants are liable for Mr. Gonzalez's death because they "were

---

[1] The New York City Health + Hospitals employees are Dr. Frank Flores and Phillip Germain, RN, and the Physician Affiliate Group of New York, P.C. employees are physician assistant Jean Luc Bernard and Elmay Allen, LPN. All four were formerly employees of Corizon.

aware" of Mr. Gonzalez's allegedly "untreated medical condition" and "need for medical attention," but "did not provide the same." *Id*. at ¶¶ 21, 24. 31-60. She seeks compensatory and punitive damages jointly and severally against them as well as the City of New York and the individual DOC defendants. *Id.* at 11.

## ARGUMENT

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly,* 550 U.S. at 556). While a plaintiff need not plead "detailed factual allegations," the plaintiff must assert more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations omitted).

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). In considering a motion to dismiss, a court must accept all of the factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Id.* at 678. When the plaintiff is *pro se*, the court is further obligated to construe the complaint "liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotations omitted). The court is not, however, bound to accept as true "mere conclusory statements" in the complaint. *Iqbal,* 556 U.S. at 678. The court further "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are

2

contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Rieger v. Drabinsky*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases).

## POINT I

### INDIVIDUAL MEDICAL DEFENDANTS AND CORIZON SHOULD BE DISMISSED FROM THE ACTION BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AGAINST THEM

Plaintiff brings a 42 U.S.C. § 1983 claim against Individual Medical Defendants for their alleged violation of Plaintiff's constitutional rights, and state law claims against Individual Medical Defendants for wrongful death, medical malpractice and negligence. *See* Amended Complaint ¶¶ 30-33, 50-63. Plaintiff similarly brings a § 1983 claim against Corizon for allegedly unconstitutional policies and practices, and state law claims against Corizon for wrongful death, medical malpractice and negligence under the common law doctrine of *respondeat superior*. *Id.* at ¶¶ 34-49, 64-67.

**A.     Applicable Federal and State Law**

To state an action under 42 U.S.C. § 1983, a plaintiff must allege that some person, acting under color of state law, deprived the plaintiff of a federal right, privilege, or immunity. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In this case, Plaintiff, as administrator of Mr. Gonzalez's estate, is suing for the alleged deprivation of Mr. Gonzalez's constitutional rights. *See Barrett v. United States*, 689 F.2d 324, 333 (2d Cir. 1982) (holding that a decedent's § 1983 claim survives for the benefit of his estate and the administratix of his estate has standing to bring the claim). Mr. Gonzalez, who was a pretrial detainee at the time of his death, was constitutionally entitled to "adequate medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To state a violation of the right to adequate medical care, Plaintiff must plead both an objective and a subjective prong. To satisfy the objective prong, Plaintiff must allege a "sufficiently serious" deprivation by Mr. Gonzalez of adequate medical care. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Where, as here, Plaintiff alleges a "failure to provide *any* treatment," satisfaction of the objective element hinges on whether the underlying medical condition itself is "sufficiently serious." *Id*. at 280. To establish the subjective prong, Plaintiff must prove that Individual Medical Defendants "acted intentionally […], or recklessly failed to act with reasonable care to mitigate the risk that the [deprivation of medical care] posed to [Mr. Gonzalez] even though [they] knew, or should have known, that the [deprivation] posed an excessive risk to [his] health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 39-40 (2d Cir. 2017). Plaintiff must also plead either individual liability, municipal liability, or both. *Ivey v. City of N.Y.*, 12-CV-3580, 2013 U.S. Dist. LEXIS 176450, at *9 (S.D.N.Y. Aug. 20, 2013).

To state a claim for wrongful death, Plaintiff must plead that the Individual Medical Defendants' "wrongful act, neglect or default" caused Mr. Gonzalez's death. *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013). To state a *prima facie* case for medical malpractice, Plaintiff must allege that Individual Medical Defendants deviated from "accepted medical practice" and that the "alleged deviation proximately caused" Mr. Gonzalez's death. *Koulkina v. City of N.Y.*, 559 F. Supp. 2d 300, 325 (S.D.N.Y. Jan. 23, 2008), *adopted by* 559 F. Supp. 2d 300 (S.D.N.Y. Feb. 19, 2008). Finally, to state a negligence claim, Plaintiff must plead that Individual Medical Defendants breached a duty of care to Mr. Gonzalez, which proximately caused his death. *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 458 (S.D.N.Y. 2012).

## B. Plaintiff Fails to State a Claim against Individual Medical Defendants

Plaintiff's federal and state claims against Individual Medical Defendants should be dismissed in their entirety because Plaintiff fails to allege any basis for the Court to conclude that Individual Medical Defendants are liable, in any way, for Mr. Gonzalez's death.

With respect to Plaintiff's federal claim, it is "well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). To state a § 1983 against an individual, a plaintiff "must plead" that the individual, through his or her own actions, participated in the alleged constitutional deprivation. *Samuels v. Fischer*, 168 F. Supp. 3d 625, 635-641 (S.D.N.Y. 2016) (dismissing defendants from action because plaintiff failed to allege their personal involvement in various alleged constitutional deprivations). Where a complaint names a defendant but fails to indicate how the defendant violated the law or injured the plaintiff, "a motion to dismiss the complaint in regard to that defendant should be granted." *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013).

Here, Plaintiff has failed to allege how any of the Individual Medical Defendants participated in the alleged deprivation of adequate medical care. Plaintiff conclusorily claims that Individual Medical Defendants failed to treat Mr. Gonzalez's "untreated medical condition," but Plaintiff does not state what the condition was; what symptoms, if any, Mr. Gonzalez exhibited; whether Individual Medical Defendants observed those symptoms; what information, if any, Mr. Gonzalez relayed to the Individual Medical Defendants about the condition; and what, if any, action the Individual Medical Defendants failed to take before or while Mr. Gonzalez was in the holding cell. In short, Plaintiff has wholly failed to plead the Individual Medical Defendants'

5

personal involvement in the alleged constitutional deprivation.[2] The federal claims against them should accordingly be dismissed.

Plaintiff's New York state law claims of wrongful death, medical malpractice, and negligence against Individual Medical Defendants, which are premised on the same underlying event, should similarly be dismissed because Plaintiff has failed to allege how any specific conduct by any Individual Medical Defendant was wrongful, deviated from accepted medical practice, or constituted a breach of duty.

## C. Plaintiff Fails to State a Claim Against Corizon

This Court should also dismiss the § 1983 and state law claims against Corizon because Plaintiff fails to allege any basis for imposing liability on it for Mr. Gonzalez's death.

To state a § 1983 claim against a municipality like Corizon,[3] Plaintiff must show that Mr. Gonzalez's constitutional injury was caused by an officially adopted "policy or custom" of Corizon. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 692 (1978). A "[p]laintiff cannot infer a policy from the alleged violation of his own civil rights," and proof of a single incident is insufficient to impose *Monell* liability "unless proof of the incident includes

---

[2] Plaintiff also fails to plead supervisory liability against any of the Individual Medical Defendants. To show supervisory liability, a plaintiff must allege that the individual defendant "(1) participated directly in the alleged constitutional violation; (2) failed to remedy the wrong after being informed of it; (3) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating there were ongoing unconstitutional acts." *Lloyd v. City of New York*, 43 F. Supp. 3d 254, 266 (S.D.N.Y. 2014) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff here does not allege any of the foregoing.

[3] Corizon is considered a municipality in the § 1983 context because, by providing medical care in prisons, it "performs a role traditionally within the exclusive prerogative of the state." *Bess v. City of New York*, 11-CV-7604, 2013 U.S. Dist. LEXIS 39765, *2 (S.D.N.Y. Mar. 19, 2013).

proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Anderson v. New York*, 657 F. Supp. 1571, 1574 (S.D.N.Y. 1987). A plaintiff can plead a custom by showing that the challenged action is "so widespread as to have the force of law." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 486-87 (S.D.N.Y. 2014).

Plaintiff here fails to plead the existence of any unconstitutional policy or custom and further fails to plead any nexus between Corizon's alleged custom and Mr. Gonzalez's death. Plaintiff claims that Mr. Gonzalez's death was caused by Corizon's practice of "not provid[ing] emergency care" during intake processing and failing to train and screen its employees. *See* Amended Complaint at ¶¶ 36-37. Mere allegations of a municipal practice, however, are insufficient to demonstrate its existence unless supported by factual details. *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012). *See also Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011). Additionally, nowhere in the Complaint does Plaintiff allege that Mr. Gonzalez required emergency care during intake processing, nor does Plaintiff set forth any facts sufficient to conclude that Mr. Gonzalez's death was caused by any misconduct by any Corizon employee. While Plaintiff claims that Corizon has been "accused" of "play[ing] a role" in several deaths at Rikers Island, *see* Amended Complaint at ¶¶ 36-37, 43, such accusations are insufficient to plead a *Monell* claim against Corizon because Plaintiff has not explained, with any specificity, what role Corizon played in Mr. Gonzalez's death. *See, e.g., Estevez v. City of N.Y.*, 16-CV-73, 2017 U.S. Dist. LEXIS 45543, at *16 (S.D.N.Y. Mar. 28, 2017) (dismissing plaintiff's claims against municipality because plaintiff failed to allege "any facts to connect his asserted injuries to any training, policy, or custom on the part of the [municipality]").

Plaintiff similarly fails to plead any basis for imposing *respondeat superior* liability on Corizon for the state law claims of wrongful death, medical malpractice and negligence. Under the doctrine of *respondeat superior*, an employer can be held "'vicariously liable for torts committed by an employee acting within the scope of the employment […] so long as the tortious conduct is generally foreseeable and a natural incident of the employment.'" *Melvin v. Cnty of Westchester*, 14-CV-2995, 2016 U.S. Dist. LEXIS 41120, at *68-69 (S.D.N.Y. Mar. 29, 2016) (quoting *RJC Realty Holding Corp. v. Republic Franklin Ins. Co.*, 2 N.Y.3d 158, 808 (N.Y. 2004)). As discussed in Point I.B *supra*, however, Plaintiff has failed to plead any tortious conduct by any Individual Medical Defendant or other Corizon employee. Corizon cannot be liable under the doctrine of *respondeat superior* liability without the predicate liability of its employees, Plaintiff's state law claims against Corizon accordingly also necessarily fail.

## CONCLUSION

For the foregoing reasons, Corizon and Individual Medical Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint as against them, and grant them such other and further relief as the Court deems just and proper.

Dated:   New York, NY
        August 25, 2017

    ZACHARY W. CARTER
    Corporation Counsel of the
      City of New York
    100 Church Street
    New York, NY 10007
    Tel: (212) 356-0881

By:  /s/ Agnetha E. Jacob
      Agnetha E. Jacob
      Assistant Corporation Counsel