UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARCELA CARLSON, individually, as mother and next
friend of A.G., and as administrator of the estate of Richard
Gonzalez,

|                                        | Plaintiff,      | 17-CV-172 (PAE) |

-against-

THE CITY OF NEW YORK, CORIZON HEALTH, INC.,
CORIZON HEALTH CLINICAL SOLUTIONS, LLC,
CORIZON INC., CORRECTIONAL MEDICAL
ASSOCIATES OF NEW YORK, P.C., NEW YORK
CITY DEPARTMENT OF CORRECTION OFFICERS
("C.O.") JOHN AND JANE DOES, and MEDICAL JOHN
AND JANE ROES,

**DEFENDANT CITY OF
NEW YORK'S
ANSWER TO THE
AMENDED
COMPLAINT**

Defendants.
------------------------------------------------------------------------x

Defendant, the City of New York, by its attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, for its Answer to Plaintiff's Amended Complaint dated June

26, 2017 ("Complaint"), respectfully alleges as follows:

1.       Denies the allegations set forth in paragraph 1 of the Complaint, except

admits that Plaintiff purports to proceed as set forth therein.

2.       Denies the allegations set forth in paragraph 2 of the Complaint, except

admits that Richard Gonzalez died while in the custody of the New York City Department of

Correction ("DOC") at the Anna M. Kross Center ("AMKC") on Rikers Island.

3.       Denies the allegations set forth in paragraph 3 of the Complaint, except

admits that Plaintiff purports to proceed as set forth therein.

4.       Denies the allegations set forth in paragraph 4 of the Complaint, except

admits that Plaintiff purports to invoke the Court's jurisdiction as set forth therein.

5.     Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

6.     Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Plaintiff purports to lay venue as set forth therein.

7.     Denies the allegations set forth in paragraph 7 of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

8.     Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff filed a Notice of Claim with the New York City Office of the Comptroller on or about December 8, 2015, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff was appointed the administrator of the estate of Mr. Gonzalez.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except aver that Mr. Gonzalez was in DOC's custody at Anna M. Kross Center on Rikers Island at the time of the underlying incident.

12. Denies the allegations set forth in paragraph 12 of the Complaint, except admits that the City of New York is a municipal entity created and authorized under the laws of the State of New York, and that DOC is an agency of the City of New York, and respectfully refers the Court to Chapter 25 of the New York City Charter, which sets the powers of DOC's Commissioner.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except admits that Defendants Mohammed Shanu Javar Chatham, Terry Henry, and Antonia Drake are employed by DOC, and that Plaintiff purports to proceed against them as set forth therein.

14. Denies the allegations set forth in paragraph 14 of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

15. Denies the allegations set forth in paragraph 15 of the Complaint, except admits that Corizon Health, Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates of New York, P.C. (collectively, "Corizon") engages in business in the State of New York, and that the City of New York has, in the past, contracted with Corizon Inc. to provide medical and mental health services to detainees and inmates in DOC's custody at Rikers Island jails.

16. Denies the allegations set forth in paragraph 16 of the Complaint, except admits and avers that Dr. Frank Flores, Elmay Allen, Jean-Luc Bernard and Philip Germain ("Individual Medical Defendants") were employees of Corizon, and aver that Dr. Flores and Mr. Germain are currently employed by New York City Health + Hospitals and that Mr. Bernard and Ms. Allen are currently employed by Physician Affiliate Group of New York, P.C.

17. Denies the allegations set forth in paragraph 17 of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

18.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, except admits that Mr. Gonzalez was transported to Rikers Island and placed at the Anna M. Kross Center on October 14, 2015.

21.        Denies the allegations set forth in paragraph 21 of the Complaint insofar as it concerns Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

22.        Admits the allegations set forth in paragraph 22 of the Complaint.

23.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, except admits that Mr. Gonzalez died on October 14, 2015 before he was treated by medical personnel.

24.        Denies the allegations set forth in paragraph 24 of the Complaint.

25.        Denies the allegations set forth in paragraph 25 of the Complaint insofar as it concerns Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

26.        Denies the allegations set forth in paragraph 26 of the Complaint insofar as it concerns Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants, and aver that Mr. Gonzalez died before he was treated by medical personnel.

27. Denies the allegations set forth in paragraph 27 of the Complaint, and respectfully refers the Court to the statement referenced therein for a complete and accurate statement of its contents.

28. Denies the allegations set forth in paragraph 28 of the Complaint, and respectfully refers the Court to the autopsy report referenced therein for a complete and accurate statement of its contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, repeats and realleges each and every answer set forth in all preceding paragraphs as if fully set forth herein.

31. Denies the allegations set forth in paragraph 31 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

32. Denies the allegations set forth in paragraph 32 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

33. Denies the allegations set forth in paragraph 33 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

34.     In response to paragraph 34 of the Complaint repeats and realleges each and every answer set forth in all preceding paragraphs as if fully set forth herein.

35.     Denies the allegations set forth in paragraph 35 of the Complaint.

36.     Denies the allegations set forth in paragraph 36 of the Complaint.

37.     Denies the allegations set forth in paragraph 37 of the Complaint.

38.     Denies the allegations set forth in paragraph 38 of the Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint.

41.     Denies the allegations set forth in paragraph 41 of the Complaint, except admits that the referenced entities have conducted investigations of DOC, and respectfully refers the Court to the reports regarding the results of those investigations for a complete and accurate statement of their contents.

42.     Denies the allegations set forth in paragraph 42 of the Complaint, and, without admitting the truth of the statements set forth therein, respectfully refers the Court to the article referenced therein and in the accompanying footnote for a complete and accurate statement of the article's contents.

43.     Denies the allegations set forth in paragraph 43 of the Complaint, and, without admitting the truth of the statements set forth therein, respectfully refers the Court to the article referenced therein and in the accompanying footnote for a complete and accurate statement of the article's contents.

44.     Admits the allegations set forth in paragraph 44 of the Complaint, without admitting the truth of the statements set forth in the articles referenced in the accompanying footnote.

45.     Denies the allegations set forth in paragraph 45 of the Complaint, and respectfully refers the Court to the article referenced therein and in the accompanying footnote for a complete and accurate statement of its contents.

46.     Denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Complaint.

48.     Denies the allegations set forth in paragraph 48 of the Complaint.

49.     Denies the allegations set forth in paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint repeats and realleges each and every answer set forth in all preceding paragraphs as if fully set forth herein.

51.     Denies the allegations set forth in paragraph 51 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

52.     Denies the allegations set forth in paragraph 52 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

53.     Denies the allegations set forth in paragraph 53 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

54.     In response to paragraph 54 of the Complaint, repeats and realleges each and every answer set forth in all preceding paragraphs as if fully set forth herein.

55.     Denies the allegations set forth in paragraph 55 of the Complaint.

56.     Denies the allegations set forth in paragraph 56 of the Complaint.

57.     Denies the allegations set forth in paragraph 57 of the Complaint.

58.     Denies the allegations set forth in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint repeats and realleges each and every answer set forth in all preceding paragraphs as if fully set forth herein.

60.     Denies the allegations set forth in paragraph 60 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

61.     Denies the allegations set forth in paragraph 61 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

62.     Denies the allegations set forth in paragraph 62 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

63.     Denies the allegations set forth in paragraph 63 of the Complaint insofar as it concerns the City of New York, Corizon and the Individual Medical Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining individual defendants.

**FOR A FIRST DEFENSE:**

64.     At all times relevant to the allegations in the Complaint, the City of New York acted reasonably, lawfully, properly, without malice, and in good faith.

**FOR A SECOND DEFENSE:**

65.     The City of New York did not violate Plaintiff's or Mr. Gonzalez's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

66.     The City of New York did not act negligently.

**FOR A FOURTH DEFENSE:**

67.     Mr. Gonzalez was contributorily negligent

Wherefore, Defendant City of New York respectfully requests that the Court enter judgment dismissing the Complaint in its entirety, and grant the City of New York any further relief as the Court deems just and proper.

Dated:      New York, NY
              August 25, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        100 Church Street
                                        New York, NY 10007
                                        *Attorney for Defendant*
                                          *City of New York*
                                        Tel: (212) 356-0881
                                        Fax: (212) 356-8760
                                        ajacob@law.nyc.gov

                                        By:     /s/ Agnetha E. Jacob
                                        Agnetha E. Jacob
                                        Assistant Corporation Counsel

To: David Bruce Rankin
  Rankin & Taylor, PLLC
  *Attorney for Plaintiff*
  99 Park Ave, 26th Floor
  New York, NY 10016

  Michael L Spiegel
  The Law Offices of
   Michael L. Spiegel
  *Attorney for Plaintiff*
  11 Park Place, Suite 914
  New York, NY 10007