UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Marcela Carlson, individually, as mother and
next friend of A.G., and as administrator of
the estate of Richard Gonzalez,

      Plaintiff,

    - against -

The City of New York, Corizon Health Inc.,
Corizon Health Clinical Solutions, LLC, Corizon
Inc., Correctional Medical Associates of New
York, P.C., New York City Department of
Correction Officers ("C.O.") Javar Chatham
(Shield No. 18905), Terry Henry (Shield No.
12574), Antonia Drake (Shield No. 1136),
Captain Mohammed Shanu (Shield No. 1694),
Captain Woodley Fenelon (Shield No. 981),
Captain Jasmin (Shield No. 65),
Roy Daif (Shield No. 18415), Laurent Aladin
(Shield No. 7920), Maurice Brown (Shield No.
1025), Jason Catalanotto (Shield No. 8523),
Andrea Powell (Shield No. 18004), Stephen
Impastato (Shield No. 17273), Tara Schiano
(Shield No. 10059), Henry Rafferty (Shield No.
18672), Sharon Griffis (Shield No. 15109), Kevin
Leonard (Shield No. 17518), Shawntay Nichols
(Shield No. 13954), Salvatore Clemente (Shield
No. 5255), Iantha Miller (Shield No. 18105),
James Durant (Shield No. 11309), Bacchus (Shield
No. 9544), Christopher Phillips (Shield No. 7620),
C.O. Jaime Arendell, C.O. Andre Singleton, C.O.
Alfonso Davis, C.O. Camacho (Shield No. 536),
C.O. Canady (Shield No. 10941), C.O. Flood
(Shield No. 5259), C.O. John and Jane Does, Dr.
Frank Flores, Elmay Allen, LPN, Physician
Assistant Bernard, Philip Germain, RN, and
Medical John and Jane Roes,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ANSWER WITH CROSS-CLAIMS BY
DEFENDANT SHANU TO THE
SECOND AMENDED COMPLAINT
Index No. 17-cv-00172 (PAE)
TRIAL BY JURY REQUESTED

Defendant Mohammed Shanu, by his attorneys Frankie and Gentile, P.C., as and for his answer to the Second Amended Complaint, respectfully alleges as follows:

1. Denies the allegations contained in paragraph "1" of the Second Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint.

3. Denies the allegations contained in paragraph "3" of the Second Amended Complaint, to the extent a response is required, except admits that plaintiff purports to seek relief as stated therein.

4. Denies the allegations contained in paragraph "4" of the Second Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this court as stated therein.

5. Denies the allegations contained in paragraph "5" of the Second Amended Complaint, except admits that plaintiff purports to invoke supplemental jurisdiction as stated therein.

6. Denies the allegations contained in paragraph "6" of the complaint, except admits that plaintiff purports to lay venue as stated therein.

7. Paragraph "7" is a demand for a trial by jury to which no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Second Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Second Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Second Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Second Amended Complaint, and refers all questions of law to the trial court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Second Amended Complaint, except admits that at all times relevant herein, Captain Mohammed Shanu was a duly appointed member of the New York City Department of Correction and was acting pursuant to his duties as a New York City Correction Captain, and admits that plaintiff purports to proceed as stated therein and refers all questions of law to the trial court.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Second Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint, and refers all questions of law to the trial court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Second Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Second Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Second Amended Complaint.

20. Denies the allegations contained in paragraph "20" of the Second Amended Complaint.

21. Denies the allegations contained in paragraph "21" of the Second Amended Complaint.

22.  Denies the allegations contained in paragraph "22" of the Second Amended Complaint, except admits that there is a Captain's office within the intake.

23.  Denies the allegations contained in paragraph "23" of the Second Amended Complaint, except admits that there is a clinic at AMKC located outside of the intake area.

24.  Denies the allegations contained in paragraph "24" of the Second Amended Complaint.

25.  Denies the allegations contained in paragraph "25" of the Second Amended Complaint.

26.  Denies the allegations contained in paragraph "26" of the Second Amended Complaint.

27.  Denies the allegations contained in paragraph "27" of the Second Amended Complaint.

28.  Denies the allegations contained in paragraph "28" of the Second Amended Complaint.

29.  Denies the allegations contained in paragraph "29" of the Second Amended Complaint, except admits that medical assistance was called for Mr. Gonzalez.

30.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Second Amended Complaint.

31.  Denies the allegations contained in paragraph "31" of the Second Amended Complaint.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Second Amended Complaint.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Second Amended Complaint.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Second Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Second Amended Complaint.

36. In response to the allegations contained in paragraph "36" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of the answer.

37. Denies the allegations contained in paragraph "37" of the Second Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Second Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Second Amended Complaint.

40. Denies the allegations contained in paragraph "40" of the Second Amended Complaint, and refers the court to the referenced comments for an accurate statement of their content.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Second Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Second Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Second Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Second Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Second Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Second Amended Complaint.

47. Denies the allegations contained in paragraph "47" of the Second Amended Complaint.

48. Denies the allegations contained in paragraph "48" of the Second Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Second Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Second Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Second Amended Complaint.

52. Denies the allegations contained in paragraph "52" of the Second Amended Complaint.

53. Denies the allegations contained in paragraph "53" of the Second Amended Complaint.

54. Denies the allegations contained in paragraph "54" of the Second Amended Complaint.

55. In response to the allegations contained in paragraph "55" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of this answer.

56. Denies the allegations contained in paragraph "56" of the Second Amended Complaint.

57. Denies the allegations contained in paragraph "57" of the Second Amended Complaint.

58. Denies the allegations contained in paragraph "58" of the Second Amended Complaint.

59. In response to the allegations contained in paragraph "59" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of this answer.

60. Denies the allegations contained in paragraph "60" of the Second Amended Complaint.

61. Denies the allegations contained in paragraph "61" of the Second Amended Complaint.

62. Denies the allegations contained in paragraph "62" of the Second Amended Complaint.

63. In response to the allegations contained in paragraph "63" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of this answer.

64. Denies the allegations contained in paragraph "64" of the Second Amended Complaint.

65. Denies the allegations contained in paragraph "65" of the Second Amended Complaint.

66. Denies the allegations contained in paragraph "66" of the Second Amended Complaint.

67. Denies the allegations contained in paragraph "67" of the Second Amended Complaint.

68. In response to the allegations contained in paragraph "68" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of this answer.

69. Denies the allegations contained in paragraph "69" of the Second Amended Complaint.

70.   Denies the allegations contained in paragraph "70" of the Second Amended Complaint.

71.   In response to the allegations contained in paragraph "71" of the Second Amended Complaint, defendant repeats and realleges the responses in the preceding paragraphs of this answer.

72.   Denies the allegations contained in paragraph "72" of the Second Amended Complaint, except admits that at all times relevant, defendant Shanu acted within the scope of his employment and pursuant to his duties as a New York City Correction Captain, and defendant refers all questions of law to the trial court.

73.   Denies the allegations contained in paragraph "73" of the Second Amended Complaint.

74.   Denies the allegations contained in paragraph "74" of the Second Amended Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

75.   The second amended complaint fails to state a claim upon which relief can be granted against this defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

76.   Any injury alleged to have been sustained by plaintiff was the result of culpable or negligent conduct on the part of decedent Richard Gonzalez or that of third parties, and was not the proximate result of any act of defendant Shanu.

<u>THIRD AFFIRMATIVE DEFENSE</u>

77.   Defendant Shanu has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

78.  To the extent that plaintiff is claiming violations of New York State law, plaintiff

has failed to comply with New York General Municipal Law §§ 50-e, 50-h, 50-i.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

79.  Plaintiff's claims may be barred, in whole or in part, by the applicable statute of

limitations.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

80.  Plaintiff is not entitled to punitive damages under the circumstances of this case.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

81.  Plaintiff's claim may be barred, in whole or in part, by the Prison Litigation

Reform Act, 42 U.S.C. § 1997e, et seq.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

82.  Defendant reserves the right to amend and/or supplement these affirmative

defenses during the course of this litigation.

**FIRST CROSS-CLAIM AGAINST
<u>DEFENDANT CITY OF NEW YORK</u>**

83.  At all times relevant in this action, all of the actions of the defendant were
performed as part of his duties and within the scope of this employment and the rules and
regulations as a correction Captain for the New York City Department of Correction.

84.  Any damages sustained by the plaintiff at the time or place mentioned in the
Complaint are embraced within the indemnification clause of Section 50-k of the New York
State General Municipal Law.

Section 50-k of the New York State General Municipal Law states:

> **The city shall indemnify and save harmless its employees in
> the amount of any judgment obtained against such
> employees in any state or federal court, or in the amount of
> any settlement of a claim approved by the corporation
> counsel and the comptroller, provided that the act or
> omission from which such judgment or settlement arose
> occurred while the employee was acting within the scope of**

his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.

85.   Pursuant to 50-k(3), if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Second Amended Complaint, the defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the defendant.

## SECOND CROSS-CLAIM AGAINST
## DEFENDANT CITY OF NEW YORK

86.   Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "83" through "85" with the same force and effect as if fully set forth herein.

87.   Defendant has denied the material allegations asserted against him in the underlying action and has asserted affirmative defenses.

88.   If the plaintiff sustained injuries and damages alleged in the Second Amended Complaint, such injuries and damages were sustained by reason of negligence by the defendant City of New York, its agents, servants and/or employees.

89.   Therefore, if the injuries and damages alleged in the Second Amended Complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable conduct, then such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the defendant City of New York and its supervisory officials, and not defendant Shanu.

90.   Consequently, if it is shown that the defendant is in any way liable to the plaintiff based upon the allegations in the Second Amended Complaint, defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the defendant.

WHEREFORE, defendant Correction Captain Mohammed Shanu respectfully demands:

a)   Judgment dismissing the complaint in its entirety;

b)   Judgment on each of his cross-claims against the defendant City of New York for the amount of any judgment that may be obtained herein by the plaintiff against the defendant, or in an amount equal to the excess over and above his equitable share of any such judgment, and;

      c)  Judgment granting the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  Mineola, New York
          December 21, 2017

                            Respectfully submitted,

                            FRANKIE & GENTILE, P.C.
                            *Attorneys for Defendant Shanu*
                            1527 Franklin Avenue, Suite 104
                            Mineola, New York 11501
                            (516) 742-6590
                            frankieandgentile@gmail.com

          By:          *James G. Frankie*
                      James G. Frankie, Esq.

TO:  <u>VIA ECF</u>

Michael L. Spiegel, Esq.
Law Offices of Michael L. Spiegel
11 Park Place, Suite 914
New York, NY  10007
(212) 587-8558
Email:  mikespieg@aol.com

David Bruce Rankin, Esq.
Beldock, Levine & Hoffman LLP
99 Park Avenue, 26th Floor
New York, NY  10016
(212) 490-0400
Email:  DRankin@BLHNY.com

Agnetha Elizabeth Jacob
New York City Law Department
100 Church Street
New York, NY  10007
(212) 356-0881
Email:  ajacob@law.nyc.gov