UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| Marcella Carlson, individually, as mother and next friend of A.G., and as administrator of the estate of Richard Gonzalez, | **DEFENDANT DRAKE'S ANSWER TO THE SECOND AMENDED COMPLAINT** |

                            Plaintiff,

            -against-                                 Index No. 17-cv-00172 (PAE)

The City of New York, et al.

                            Defendants.

-------------------------------------------------------------X

Defendant **C.O. ANTONIA DRAKE** ("Defendant") by her attorneys, **KOEHLER & ISAACS LLP**, as and for an Answer with Cross-Claims to the Second Amended Complaint, sets forth, upon information and belief, as follows:

## AS AND FOR A RESPONSE TO THE PRELIMINARY STATEMENT

1.      The statements contained in paragraph "1" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

2.      The statements contained in paragraph "2" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

3.      The statements contained in paragraph "3" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

4.      The statements contained in paragraph "4" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and further refers all questions of law to this Honorable Court.

5.      The statements contained in paragraph "5" of the Second Amended Complaint do not require a response. To the extent a response is necessary Defendant denies all allegations and refers all questions of law to this Honorable Court.

1

6.      The statements contained in paragraph "6" of the Second Amended Complaint do not require a response. To the extent a response is necessary Defendant denies all allegations and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO JURY TRIAL DEMAND

7.      The statements contained in paragraph "7" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

## AS AND FOR A REPONSE TO NOTICE OF CLAIM

8.      The statements contained in paragraph "8" of the Second Amended Complaint do not require a response. To the extent a response is necessary, Defendant denies all allegations and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO PARTIES

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "9" of the Second Amended Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "10" of the Second Amended Complaint.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "11" of the Second Amended Complaint.

12.     Admit.

13.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "13" of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE STATEMENT OF RELEVANT FACTS

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "14" of the Second Amended Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "15" of the Second Amended Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "16" of the Second Amended Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "17" of the Second Amended Complaint.

18.     Admit.

19.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "19" of the Second Amended Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "20" of the Second Amended Complaint.

21.     Defendant denies the truth of the allegations contained in paragraph "21" of the Second Amended Complaint.

22.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "22" of the Second Amended Complaint.

23.     Admit.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Second Amended Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Second Amended Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Second Amended Complaint.

27.     Defendant denies the truth of the allegations contained in paragraph "27" of the Second Amended Complaint.

28.     Defendant denies the truth of the allegations contained in paragraph "28" of the Second Amended Complaint.

29.     Defendant denies the truth of the allegations contained in paragraph "29" of the Second Amended Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Second Amended Complaint.

31.     Defendant denies the truth of the allegations contained in paragraph "31" of the Second Amended Complaint.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Second Amended Complaint.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "33" of the Second Amended Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "34" of the Second Amended Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "35" of the Second Amended Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CLAIM: ALLEGED DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 BY THE CITY OF NEW YORK**

36.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "35" above with the same force and effect as if fully set forth herein.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "37" of the Second Amended Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "38" of the Second Amended Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "39" of the Second Amended Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "40" of the Second Amended Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "41" of the Second Amended Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "42" of the Second Amended Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "43" of the Second Amended Complaint.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "44" of the Second Amended Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "45" of the Second Amended Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "46" of the Second Amended Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "47" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "48" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "49" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "50" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph "51" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

52.     Defendant denies the truth of the allegations contained in paragraph "52" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

53.     Defendant denies the truth of the allegations contained in paragraph "53" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

54.     Defendant denies the truth of the allegations contained in paragraph "54" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM: ALLEGED DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 BY INDIVIDUAL DEFENDANTS

55.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "54" above with the same force and effect as if fully set forth herein.

56.     Defendant denies the truth of the allegations contained in paragraph "56" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

57.     Defendant denies the truth of the allegations contained in paragraph "57" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

58.     Defendant denies the truth of the allegations contained in paragraph "58" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM: ALLEGED WRONGFUL DEATH

59.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "58" above with the same force and effect as if fully set forth herein.

60.     Defendant denies the truth of the allegations contained in paragraph "60" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

61.     Defendant denies the truth of the allegations contained in paragraph "61" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

62.     Defendant denies the truth of the allegations contained in paragraph "62" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE FOURTH CLAIM: ALLEGED NEGLIGENCE

63.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "62" above with the same force and effect as if fully set forth herein.

64.     Defendant denies the truth of the allegations contained in paragraph "64" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

65.     Defendant denies the truth of the allegations contained in paragraph "65" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

66.     Defendant denies the truth of the allegations contained in paragraph "66" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

67.     Defendant denies the truth of the allegations contained in paragraph "67" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE FIFTH CLAIM: ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68.     Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "67" above with the same force and effect as if fully set forth herein.

69.     Defendant denies the truth of the allegations contained in paragraph "69" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

70.     Defendant denies the truth of the allegations contained in paragraph "70" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO THE SIXTH CLAIM: ALLEGED RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

71.       Defendant repeats, re-iterates and re-alleges the responses to the allegations set forth in paragraphs "1" through "70" above with the same force and effect as if fully set forth herein.

72.       Defendant denies the truth of the allegations contained in paragraph "72" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

73.       Defendant denies the truth of the allegations contained in paragraph "73" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

74.       Defendant denies the truth of the allegations contained in paragraph "74" of the Second Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted against the Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the circumstances of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to any setoff applicable under the circumstances of this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to immunity as he, at all times relevant to the Complaint, reasonably, properly and lawfully exercised their discretion as public employees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in whole or in part are untimely.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy mandatory conditions precedent to the instant action including but without limitation, those established under Sections 50-e, 50-h and 50-i of the New York General Municipal Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, resulted solely from his own culpable or negligent conduct or the culpable or negligent conduct of others and were not the proximate result of action by the Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and/or supplement these affirmative defenses during the course of this litigation.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The plaintiff's claim should be dismissed because the court lacks jurisdiction over the defendant.

## FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

75.     At all times relevant in this action, all of the actions of the Defendant were performed as part of his duties and within the scope of his employment and the rules and regulations as a Correction Officer for the New York City Department of Correction.

76.     Any damages sustained by the plaintiff at the time or place mentioned in the Complaint are embraced within the indemnification clause of Section 50-k of the New York State General Municipal Law.

77.     Section 50-k(3) of the New York State General Municipal Law states:

> **The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.**

78.     Pursuant to 50-k(3), if it is shown that if the Defendant is in any way liable to the plaintiff based upon on the allegations in the Complaint, the Defendant is entitled to recover from the City of New York the full amount of any judgment which might be rendered against the Defendants.

8

**SECOND CROSS CLAIM AGAINST DEFENDANT CITY OF NEW YORK**

79.    Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "75" through "78" with the same force and effect as if fully set forth herein.

80.    Pursuant to Section 50-k(2) of the New York State General Municipal Law:

> **At the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section, the city shall provide for the defense of an employee of an agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of the title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the city or state or an agency of either.**

81.    Upon information and belief, Defendant was not the subject of any disciplinary action and fully complied with all requirements under the New York State General Municipal Law.

82.    Accordingly the City wrongfully failed to provide for Defendant's defense in this action.

**THIRD CROSSCLAIM AGAINST DEFENDANT CITY OF NEW YORK**

83.    Defendant repeats, reiterates and re-alleges the allegations set forth in paragraphs "75" through "82" with the same force and effect as if fully set forth herein.

84.    Defendant has denied the material allegations asserted against them in the underlying action and have asserted affirmative defenses.

85.    If the plaintiff sustained injuries and damages alleged in the Second Amended Complaint, such injuries and damages were sustained by reason of negligence by the Defendant City of New York, its agents, servants and/or employees.

86.    Therefore, if the injuries and damages alleged in the Second Amended Complaint were caused as a result of negligence or wrongdoing other than by the plaintiff's own culpable

conduct, then such damage is a result of the knowing, reckless and/or grossly negligent acts and omissions of the Defendant City of New York and its supervisory officials.

87.      Consequently, if it is shown that the Defendant is in any way liable to the plaintiff based upon the allegations in the Second Amended Complaint, Defendant is entitled to recover from the City of New York the full amount of any judgment that might be rendered against the Defendant.

**WHEREFORE**, Defendant **C.O. ANTONIA DRAKE** respectfully demands:

    a.  Judgment dismissing the Second Amended Complaint in its entirety;

    b.  Judgment on each of his cross-claims against the Defendant City of New York for the amount of any judgment that may be obtained herein by the plaintiff against the Defendant, or in an amount equal to the excess over and above his equitable share of any such judgment and

    c.  Together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 8th, 2018

                               Respectfully Submitted,

                               KOEHLER & ISAACS LLP

                               ___/s/ Ethan Felder_____
                               Ethan Felder (EF - 1987)
                               Attorney for Defendant: *Drake*
                               61 Broadway, 25th Floor
                               New York, New York 10006
                               PH: (917) 551-1317

TO:

David Rankin, Esq.
Attorney for Plaintiff: *Carlson*
99 Park Avenue, PH/26th Fl
New York, NY 10016
Tel: (212) 490-0400
Email: DRankin@blhny.com

New York City Law Department
Attorneys for Def: City
100 Church Street

New York, New York 10007
Attn: Jacob Agnetha, Esq.