UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARCELA CARLSON, individually, as mother and next friend of A.G., and as administrator of the estate of Richard Gonzalez,

                                              Plaintiff,

              -against-

The City of New York, Corizon Health Inc., Corizon Health Clinical Solutions, LLC, Corizon Inc., Correctional Medical Associates of New York, P.C., New York City Department of Correction Officers ("C.O.") Javar Chatham (Shield No. 18905), Terry Henry (Shield No. 12574), Antonia Drake (Shield No. 1136), Captain Mohammed Shanu (Shield No. 1694), Captain Woodley Fenelon (Shield No. 981), Captain Jasmin (Shield No. 65), Roy Daif (Shield No. 18415), Laurent Aladin (Shield No. 7920), Maurice Brown (Shield No. 1025), Jason Catalanotto (Shield No. 8523), Andrea Powell (Shield No. 18004), Stephen Impastato (Shield No. 17273), Tara Schiano (Shield No. 10059), Henry Rafferty (Shield No. 18672), Sharon Griffis (Shield No. 15109), Kevin Leonard (Shield No. 17518), Shawntay Nichols (Shield No. 13954), Salvatore Clemente (Shield No. 5255), Iantha Miller (Shield No. 18105), James Durant (Shield No. 11309), Bacchus (Shield No. 9544), Christopher Phillips (Shield No. 7620), C.O. Jaime Arendell, C.O. Andre Singleton, C.O. Alfonso Davis, C.O. Camacho (Shield No. 536), C.O. Canady (Shield No. 10941), C.O. Flood (Shield No. 5259), C.O. John and Jane Does, Dr. Frank Flores, Elmay Allen, LPN, Physician Assistant Bernard, Philip Germain, RN, and Medical John and Jane Roes,

17-CV-172 (PAE)

**CITY OF NEW YORK AND TWENTY-THREE INDIVIDUAL DOC DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

                                              Defendants.
-----------------------------------------------------------------------x

        Defendants, the City of New York and former and current New York City Department of Correction ("DOC") employees Captain Woodley Fenelon, Captain Jasmin, Correction Officer ("C.O.") Daif, C.O. Aladin, C.O. Brown, C.O. Catalanotto, C.O. Powell, C.O. Impastato, C.O. Schiano, C.O. Rafferty, C.O. Griffis, C.O. Leonard, C.O. Nichols, C.O.

1

Clemente, C.O. Miller, C.O. Durant, C.O. Bacchus, C.O. Phillips, C.O. Arendell, C.O. Singleton, C.O. Davis, C.O. Canady, and C.O. Flood (collectively, "Individual DOC Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to Plaintiff's Second Amended Complaint dated November 27, 2017 ("Complaint"), respectfully allege as follows:[1]

1. Deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2. Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Richard Gonzalez died while in the custody of the New York City Department of Correction ("DOC") at the Anna M. Kross Center ("AMKC") on Rikers Island.

3. Deny the allegations set forth in paragraph 3 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

4. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and to invoke the Court's jurisdiction as set forth therein.

5. Deny the allegations set forth in paragraph 5 of the Complaint, except admit that Plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

6. Deny the allegations set forth in paragraph 6 of the Complaint, except admit that Plaintiff purports to lay venue as set forth therein.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

---

[1] C.O. Chatham has not yet been served.

8. Deny the allegations set forth in paragraph 8 of the Complaint, except admit that Plaintiff filed a Notice of Claim with the New York City Office of the Comptroller on or about December 8, 2015, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff was appointed the administrator of the estate of Mr. Gonzalez.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except aver that Mr. Gonzalez was in DOC's custody at Anna M. Kross Center on Rikers Island at the time of the underlying incident.

12. Deny the allegations set forth in paragraph 12 of the Complaint, except admit that the City of New York is a municipal entity created and authorized under the laws of the State of New York, and that DOC is an agency of the City of New York, and respectfully refers the Court to Chapter 25 of the New York City Charter, which sets the powers of DOC's Commissioner.

13. Deny the allegations set forth in paragraph 13 of the Complaint, except admit that Defendants Mohammed Shanu Javar Chatham, Terry Henry, and Antonia Drake and Individual DOC Defendants were employed by DOC at the time of the underlying incident, and that Plaintiff purports to proceed against them as set forth therein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and aver that Mr. Gonzalez was arrested on October 13, 2015 for criminal trespassing and possession of burglar tools.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and aver that Mr. Gonzalez was arraigned at Queens Criminal Court on October 14, 2015 and charged with criminal trespass and criminal possession of a controlled substance, and that bail for both charges was collectively set at $4,000.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, except admit that Mr. Gonzalez was placed in DOC's custody on October 14, 2015 and transported to Rikers Island.

18. Deny the allegations set forth in paragraph 18 of the Complaint, except admit that Plaintiff arrived at AMKC during the early morning hours of October 14, 2015, was fingerprinted, searched, and photographed, and then placed in a holding cell while awaiting escort to the facility's clinic for his new admission medical exam.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint insofar as they concern the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Gonzalez's appearance and actions during the morning of October 14, 2015, and deny knowledge or information sufficient to

form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

21. Deny the allegations set forth in paragraph 21 of the Complaint insofar as they concern the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

22. Deny the allegations set forth in paragraph 22 of the Complaint insofar as they concern Defendant C.O. Philips and other Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, except admit that AMKC's Main Clinic is staffed by medical professionals and located on the first floor of the facility.

24. Deny the allegations set forth in paragraph 24 of the Complaint insofar as they concern the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Gonzalez's condition and other inmates' actions during the morning of October 14, 2015, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

25. Deny the allegations set forth in paragraph 25 of the Complaint insofar as they concern the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Gonzalez's condition and other inmates' actions during the morning of October 14, 2015, and deny knowledge or information

sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, except admit that medical assistance was requested the morning of October 14, 2015 to assist Mr. Gonzalez.

30. Deny the allegations set forth in paragraph 30 of the Complaint, except admit that Mr. Gonzalez died on October 14, 2015 before he was treated by medical personnel, and respectfully refer the Court to Mr. Gonzalez's medical records for a complete and accurate statement of their contents, a portion of which is quoted by Plaintiff.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint, and respectfully refer the Court to the statement referenced therein for a complete and accurate statement of its contents.

34. Deny the allegations set forth in paragraph 34 of the Complaint, and respectfully refers the Court to the autopsy report referenced therein for a complete and accurate statement of its contents.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint, except admit that DOC maintains facilities for the detention of pre-trial detainees on Rikers Island.

39. Deny the allegations set forth in paragraph 39 of the Complaint, except admit that the referenced entities have conducted investigations of DOC, and respectfully refers the Court to the reports regarding the results of those investigations for a complete and accurate statement of their contents.

40. Deny the allegations set forth in paragraph 40 of the Complaint, and, without admitting the truth of the statements set forth therein, respectfully refers the Court to the article referenced therein and in the accompanying footnote for a complete and accurate statement of the article's contents.

41. Deny the allegations set forth in paragraph 41 of the Complaint, except admit that AMKC is a facility on Rikers Island.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's description of the events leading to Carlos Mercado's death, admit that Mr. Mercado died on August 24, 2013 at AMKC, and, without admitting the truth or accuracy thereof, respectfully refer the Court to the webpage referenced therein for a complete and accurate statement of its contents.

44. Deny the allegations set forth in paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's description of the events leading to Bradley Ballard's death, admit that Mr. Ballard died on September 11, 2013 at AMKC, and, without admitting the truth or accuracy thereof, respectfully refer the Court to the report by the New York State Commission of Correction referenced therein for a complete and accurate statement of its contents.

45. Deny the allegations set forth in paragraph 45 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's description of the events leading to Jerome Murdough's death and admit that Mr. Murdough died on February 15, 2014 at AMKC.

46. Deny the allegations set forth in paragraph 46 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's description of the events leading to Victor Woods' death and admit that Mr. Woods died on October 1, 2014 at AMKC.

47. Deny the allegations set forth in paragraph 47 of the Complaint.

48. Deny the allegations set forth in paragraph 48 of the Complaint.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

50. Deny the allegations set forth in paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence thereof.

51. Deny the allegations set forth in paragraph 51 of the Complaint.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. In response to paragraph 55 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

56. Deny the allegations set forth in paragraph 56 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

57. Deny the allegations set forth in paragraph 57 of the Complaint.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

59. In response to paragraph 59 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

60. Deny the allegations set forth in paragraph 60 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

61. Deny the allegations set forth in paragraph 61 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

62. Deny the allegations set forth in paragraph 62 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

63. In response to paragraph 63 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

64. Deny the allegations set forth in paragraph 64 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

65. Deny the allegations set forth in paragraph 65 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

66. Deny the allegations set forth in paragraph 66 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

67. Deny the allegations set forth in paragraph 67 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

68. In response to paragraph 68 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

69. Deny the allegations set forth in paragraph 69 of the Complaint insofar as they concern the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

70. Deny the allegations set forth in paragraph 70 of the Complaint insofar as they concern the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

71. In response to paragraph 71 of the Complaint repeat and reallege each and every answer set forth in all preceding paragraphs as if fully set forth herein.

72. Deny the allegations set forth in paragraph 72 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

73. Deny the allegations set forth in paragraph 73 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

74. Deny the allegations set forth in paragraph 74 of the Complaint insofar as it concerns the City of New York and the Individual DOC Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants Captain Shanu, C.O. Chatham, C.O. Henry and C.O. Drake.

**FOR A FIRST DEFENSE:**

75. At all times relevant to the allegations in the Complaint, the City of New York and Individual DOC Defendants acted reasonably, lawfully, properly, without malice, and in good faith.

**FOR A SECOND DEFENSE:**

76. The City of New York and Individual DOC Defendants did not violate Plaintiff's or Mr. Gonzalez's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

77. The City of New York and Individual DOC Defendants did not act negligently.

**FOR A FOURTH DEFENSE:**

78. Mr. Gonzalez was contributorily negligent

Wherefore, Defendant City of New York and Individual DOC Defendants respectfully request that the Court enter judgment dismissing the Complaint in its entirety, and grant them any further relief as the Court deems just and proper.

Dated: New York, NY
        February 8, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        100 Church Street
        New York, NY 10007
        *Attorney for Defendant*
          *City of New York and*
          *Individual DOC Defendants*
        Tel: (212) 356-0881
        Fax: (212) 356-8760
        ajacob@law.nyc.gov

        By: /s/ Agnetha E. Jacob
            Agnetha E. Jacob
            Assistant Corporation Counsel

To:    David Bruce Rankin
        Rankin & Taylor, PLLC
        *Attorney for Plaintiff*
        99 Park Ave, 26th Floor
        New York, NY 10016

        Michael L Spiegel
        The Law Offices of
          Michael L. Spiegel
        *Attorney for Plaintiff*
        11 Park Place, Suite 914
        New York, NY 10007